# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

TINA L. HAYNER,

     Plaintiff,              :        Case No. 2:07-cv-1097

                                District Judge Walter Herbert Rice
    -vs-                           Chief Magistrate Judge Michael R. Merz

                            :

GREGORY L. FROST, et al.,

     Defendant.

## REPORT AND RECOMMENDATIONS ON POST-JUDGMENT MOTIONS

This case is before the Court on three post-judgment motions filed by Plaintiff: (1) Motion for Reconsideration under Fed. R. Civ. P. 59 and 60 (Doc. No. 6); (2)Motion to "review entire record including questions of fact and questions of law [U.S. Code: Title 5 § 1508]" (Doc. No. 9); and (3) Motion for Summary Judgment (Doc. No. 11).

This case was randomly reassigned to District Judge Rice after Chief District Judge Beckwith recused herself (Doc. No. 10). It was thereafter randomly assigned to the undersigned pursuant to the General Order of Assignment and Reference for the Dayton location of court. Because judgment has already been entered in this case, the Motions are deemed referred under 28 U.S.C. § 636(b)(3).

### Motion for Relief from Judgment

In her Motion for reconsideration or relief from judgment, Plaintiff first asks that Chief Judge Beckwith be disqualified from further participation in this case. Chief Judge Beckwith has granted

that relief by recusing herself.

In the body of the Motion, Plaintiff lists three pages of persons she designates as "Defendants, Appellees." This list apparently refers to persons who were in some way involved with her employment dispute with the City of Washington Court House. Having listed the names, she then recites portions of 18 U.S.C. §§ 242 and 241 and accuses all of the listed persons, along with District Judge Frost, Magistrate Judge King, and Chief District Judge Beckwith, of conspiring to violate her civil rights in violation of these sections of the criminal code.

Motions for amend a judgment under Fed. R. Civ. P. 59 or for relief from judgment under Fed. R. Civ. P. 60 can be brought to correct a manifest error of law, which is apparently what Plaintiff alleges happened here when Chief Judge Beckwith dismissed this case. To the contrary, the Magistrate Judge concludes that Chief Judge Beckwith's decision was correct.

In the Complaint in this case, Plaintiff accused Judges Frost and King of denying her due process in the underlying case, *Hayner v. City of Washington Court House, et al.*, Case No. 2:06-cv-705. In that case, Judge Frost dismissed the Complaint with prejudice. If Plaintiff believed she was denied due process in the course of that proceeding, her remedy was by way of appeal to the United States Court of Appeals for the Sixth Circuit. She in fact took such an appeal and the Circuit Court affirmed Judge Frost's decision in all respects. *Hayner v. City of Washington Court House, et al.*, Case No. 07-3277 (Dec. 14, 2007). The Court of Appeals did not find any violation of due process in the handling of this case in the District Court.

Federal law does not allow a disappointed litigant to obtain money damages from the judge or judges who decided the case against her or him. As Chief Judge Beckwith correctly pointed out in her Order dismissing the case (Doc. No. 4), federal law has long held that judges are absolutely immune from money damages for their decisions in cases. See, e.g., *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), and *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55

L. Ed. 2d 331 (1978). Because Chief Judge Beckwith's decision was correct, Plaintiff's Motion to amend the judgment or for relief from judgment should be denied.

## Motion under 5 U.S.C. § 1508

Plaintiff also seeks (Doc. No. 9) to have this Court "review my entire record including questions of fact and questions of law" under 5 U.S.C. § 1508. The referenced section grants United States District Courts jurisdiction to review determinations of the Merit Systems Protection Board made under 5 U.S.C. §§ 1504, 1505, or 1506. It does not create jurisdiction to review a judgment of a district court after it is entered. Thus the Motion for review under 5 U.S.C. § 1508 should be denied.

## Motion for Summary Judgment and Other Relief

Lastly, Plaintiff has filed what she labels as a Motion for Summary Judgment (Doc. No. 11) in which she requests various forms of relief.

First of all, she asks that she be granted the relief she demanded in her Complaint because Judges Frost and King never answered the Complaint. However, they were not under any duty to do so because they were never served with process. Chief Judge Beckwith properly decided that the case should be dismissed prior to issuance of process because it sought monetary relied from persons who are immune from money damages. This is the correct mode of proceeding under 28 U.S.C. § 1915.

Plaintiff requests that "Federal Authorities" be called in to investigate the handling of this case as well as her prior case, 2:06-cv-705. The Court does not have authority to cause investigation

by federal law enforcement authorities. Plaintiff should make such request directly to the Federal Bureau of Investigation or to the Department of Justice.

Plaintiff argues at some length the merits of her prior case. However, that case was, as noted above, dismissed with prejudice by Judge Frost and his decision was affirmed on appeal.

Finally, Plaintiff requests a three-judge panel be convened to consider this case. Such panels are only convened to consider claims that statewide legislative redistricting is unconstitutional. 28 U.S.C. § 2284. Plaintiff's Motion, denominated as a Motion for Summary Judgment, should be denied.

March 31, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).