# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TINA L. HAYNER,

      Plaintiff,      :      Case No. 2:07-cv-1097

                          District Judge Walter Herbert Rice
    -vs-                      Chief Magistrate Judge Michael R. Merz

                          :

GREGORY L. FROST, et al.,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON POST-JUDGMENT MOTIONS

This case is before the Court on Plaintiff's filing[1] in response to the Magistrate Judge's Report and Recommendations on her Post-Judgment Motions (Doc. No. 13). The filing is in time to be considered as objections under Fed. R. Civ. P. 72(b) and should be so construed. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed. In addition, the filing contains a Motion for Disqualification of the undersigned.

The Report and Recommendations recommended that Plaintiff's three post-judgment motions, to wit, her (1) Motion for Reconsideration under Fed. R. Civ. P. 59 and 60 (Doc. No. 6); (2) Motion to "review entire record including questions of fact and questions of law [U.S. Code: Title 5 § 1508]" (Doc. No. 9); and (3) Motion for Summary Judgment (Doc. No. 11) all be denied.

In the body of her filing, Plaintiff asserts that she "has given the Federal Courts more than

---

[1] The filing is labeled as a Motion for Reconsideration under Fed. R. Civ. P. 59 and a Motion for Reconsideration under Rule 60.

1

enough knowledge and clear direct evidence to prove my civil lawsuit that I filed against the five defendant [sic]: The City of Washington Court House (employer), AFSCME Union, Ohio Unemployment Review Commission, Ohio Civil Rights Commission (OCRC) and Associate Attorney Generals." (Doc. No. 13 at 2.) However, none of those parties is a Defendant in this case; the sole Defendant here are United States District Judge Gregory L. Frost and United States Magistrate Judge Norah McCann King. Plaintiff fails to respond to the authority cited by this Court that judges are absolutely immune for damage liability for acts done in the course of their judicial duties.

Although in the caption of her filing, Plaintiff has asked that the undersigned be disqualified, she has not cited any basis for that relief under 28 U.S.C. §144 or § 455 except her belief that I have incorrectly decided her case. An incorrect decision on a question of law or fact is a basis for appeal, not disqualification.

Accordingly, it is again respectfully recommended that Plaintiff's post-judgment Motions be denied.

April 14, 2008.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make

objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).